UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Matthew Beasley, et al., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, et al., <br><br> Defendants. | Case No. 2:24-cv-00368-APG-BNW <br><br> **SCREENING ORDER AND REPORT AND RECOMMENDATION** |

Matthew Beasley filed a complaint containing multiple claims against the United States under 42 U.S.C. § 1983 and the Federal Torts Claims Act. He also sues unidentified FBI agents under *Bivens*. Lastly, he includes a state-tort claim on behalf of his two minor children. Plaintiff moves to proceed *in forma pauperis*. ECF No. 2. He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. *Id*. His request to proceed *in forma pauperis* will, therefore, be granted.

The Court now screens Plaintiff's complaint (ECF No. 2-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  Analysis**

    **A.  Screening Standard for Pro Se Prisoner Claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. P. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening the Amended Complaint**

As relevant to his claims, Plaintiff alleges that on March 3, 2022, three FBI entered his home without consent or a warrant. He maintains that at no time did the agents identify themselves as FBI agents. He also claims that, although he did not point a firearm at them, the FBI agents shot at him twice shortly after entering the home. The first shot was to his right shoulder and the second shot was in his chest area. In turn, Plaintiff fell to the ground and ultimately sustained permanent nerve damage to his left shoulder, arm, and hand. Plaintiff alleges the agents left him there for hours before he was transported to the hospital.

Once at the hospital, he was arrested pursuant to an arrest warrant for assaulting a federal officer. He was then transferred to the Nevada Southern Detention Center and eventually made his initial appearance in federal court on March 8, 2022, where he had a detention hearing.

According to Plaintiff, during the detention hearing, the United States Attorney's Office represented Plaintiff had pointed a gun at the agents, barricaded himself, and that SWAT had to breach entry into the house. Plaintiff maintains these representations were false. He also claims the United States Attorney's Office withheld "exculpatory evidence," such as (1) the fact that they did not have consent or a warrant to enter his home and (2) that plaintiff was behind glass French entry doors when he was shot. Plaintiff contends he was detained as a result of these falsehoods and omissions.

Plaintiff explains that on March 31, 2023, these charges were dismissed. He declares the United States Attorney's Office never intended to proceed with those charges—instead, they detained him on those charges so they could prepare separate charges related to financial crimes "and cover up the illegal . . . actions" of the FBI. In turn, Plaintiff contends he was wrongfully charged and detained for fourteen months.

Plaintiff lists the following claims:

(1) Excessive Force pursuant to 42 U.S.C. § 1983 and the Federal Torts Claims Act against the United States of America.

(2) Assault and Battery pursuant to 42 U.S.C. § 1983 and the Federal Torts Claims Act against the United States of America.

(3) Malicious Prosecution pursuant to 42 U.S.C. § 1983 and the Federal Torts Claims Act against the United States of America.

(4) Abuse of Process pursuant to 42 U.S.C. § 1983 and the Federal Torts Claims Act against the United States of America.

(5) False Imprisonment pursuant to 42 U.S.C. § 1983 and the Federal Torts Claims Act against the United States of America.

(6) Intentional Infliction of Emotional Distress pursuant to 42 U.S.C. § 1983 and the Federal Torts Claims Act against the United States of America.

(7) Negligence pursuant to 42 U.S.C. § 1983 and the Federal Torts Claims Act against the United States of America.

(8) Eighth Amendment Cruel and Unusual Punishment to 42 U.S.C. § 1983 and the

Federal Torts Claims Act against the United States of America.

(9) Fourth Amendment Unreasonable Search and Seizure under *Bivens* against FBI Agents.

(10) Fourth Amendment Excessive Force under Bivens against FBI Agents.

(11) Fifth Amendment Procedural Due Process under Bivens against FBI Agents.

(12) Eighth Amendment Cruel and Unusual Punishment under Bivens against FBI Agents.

(13) Loss of consortium (on behalf of his children) against the United States of America.

Plaintiff seeks damages in excess of $150,000 as to each claim.

### 1. Federal Torts Claims Act against the United States of America (Claims 1-8)

The FTCA, 28 U.S.C. §§ 1346, 2671–80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees. *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Before a plaintiff can file an FTCA action in federal court, however, he must exhaust the administrative remedies for his claim. 28 U.S.C. § 2675(a). An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing. *Id*. The FTCA's exhaustion requirement is jurisdictional and may not be waived. *Jerves*, 966 F.2d at 519.

In addition, as a sovereign, the United States can "be sued only to the extent that it has waived its immunity[.]" *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA, however, has only waived the United States' sovereign immunity for "certain categories of claims." *Id*. at 218. Claims alleging violations of constitutional rights, or those based on acts or omissions of institutions, rather than individuals, are not cognizable under the FTCA. 28 U.S.C. § 2679(b)(2)(A); *see Adams v. United States*, 420 F.3d 1049, 1054 (9th Cir. 2005).

Here, Plaintiff's Complaint fails to allege that he exhausted his administrative remedies under the FTCA prior to filing suit. Nevertheless, the Court takes judicial notice of the documents

filed at ECF No. 9 indicating that more than 6 months have passed since Plaintiff presented the claims to the Department of Justice. As explained above, constitutional claims cannot be pursued under the FTCA. As a result, the Court will recommend that the following claims be dismissed with prejudice: Excessive Force (under the Fourth Amendment), Cruel and Unusual Punishment (under the Eighth Amendment), Malicious Prosecution (under the Fourth Amendment). As to the remaining claims, the Court finds that they have been properly pled and may proceed.

### 2. **42 U.S.C. § 1983 claims Act against the United States of America (claims 1-8)**

To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Here, Plaintiff claims that the United States violated his constitutional rights. But he has not identified any *state* actors who violated his rights. Furthermore, the federal government cannot be the subject of a § 1983 action because it is not a "person" for purposes of § 1983. *See District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). Nor can these claims be construed as *Bivens* claims—*Bivens* claims can only be brought against federal officers in their individual capacity (and not against the United States, or any of its departments, offices, or agencies). *Daly-Murphy v. Winton*, 837 F.2d 348, 355 (9th Cir. 1987). As a result, the Court will recommend that these claims be dismissed with prejudice.

### 3. ***Bivens* Claims against FBI Agents (claims 9-12)**

"To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Although the Supreme Court has not "dispense[d] with *Bivens* altogether," it has "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed: a court first must consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases, and, if so, a court must then apply a "special factors

analysis" to determine whether there are "special factors counselling hesitation" in expanding *Bivens*. *Ziglar*, 582 U.S. at 136. A *Bivens* action may constitute a new context depending on, for example:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

*Id*. at 140.

However, these two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492. A court "must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies 'should be augmented by the creation of a new judicial remedy.'" *Id*. at 493. "The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts? The answer most often will be Congress." *Ziglar*, 582 U.S. at 135.

As to the three cases that the Supreme Court has allowed to proceed under *Bivens*, it has summarized those three cases as follows:

> In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim. The Court subsequently extended *Bivens* to cover two additional constitutional claims: in *Davis v. Passman*, a former congressional staffer's Fifth Amendment claim of dismissal based on sex, and in *Carlson v. Green*, a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment.

*Hernandez v. Mesa*, 589 U.S. 93, 99 (2020).

### a. Fourth Amendment Unreasonable Search and Seizure

*Bivens* involved a Fourth Amendment claim against agents of the Federal Bureau of Narcotics. *Bivens*, 403 U.S. at 389. There, the claims involved a search of plaintiff's apartment, unlawful arrest, and excessive force. Here, a liberal construction of Plaintiff's claim results in an allegation that FBI agents, while acting in their capacities as such, unreasonably seized him when

1  they entered his home an arrest warrant and shot at him. *See Wilkinson v. Torres*, 610 F.3d 546,
2  550 (9th Cir. 2010) ("Apprehension by deadly force is a seizure subject to the Fourth
3  Amendment's reasonableness requirement."). Thus, Plaintiff has satisfied the pleading
4  requirements for a *Bivens* Fourth Amendment Unreasonable Search and Seizure claim.

### b. Fourth Amendment Excessive Force

The same rationale applied above applies to this claim. Thus, Plaintiff has satisfied the pleading requirements for a *Bivens* Fourth Amendment Excessive Force claim.

### c. Fifth Amendment Procedural Due Process

Plaintiff's claim is based on the allegation that the actions by the FBI agents upon entering his home deprived him of his "right to his liberty, and almost life, without due process of law." These allegations extend *Bivens* in a new context. *Ziglar*, 582 U.S. at 136. Moreover, the conduct is sufficiently captured by his *Bivens* Fourth Amendment Unreasonable Seizure and the Fourth Amendment Excessive Force claims. Thus, the Court recommends that this claim be dismissed with prejudice.

### d. Eighth Amendment Cruel and Unusual Punishment

Plaintiff's claim is based on the allegation that after the FBI agents shot at him and left him there for hours, and that shooting at him without justification constitutes cruel and unusual punishment. But the Eighth Amendment's prohibition on cruel and unusual punishment applies only to those who have been convicted. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Before conviction, when someone is being apprehended by law enforcement, claims related to excessive force implicate the Fourth Amendment's guarantee to be free from unreasonable seizures. U.S. Const. amend. IV; *see Graham v. Connor,* 490 U.S. 386, 394 (1989). Here, Plaintiff's allegations concern conduct that took place at his home—thus the Eighth Amendment does not apply. Moreover, this claim would also extend *Bivens* in a new context. *Ziglar*, 582 U.S. at 136. Thus, the Court recommends that this claim be dismissed with prejudice.

### 4. Loss of consortium claim on behalf of minor children

This claim fails because pro se plaintiffs may only represent themselves; they are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v.*

*Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself."). As a result, the Court recommends that this claim be dismissed with prejudice.

### 5. Doe Defendants

Plaintiff must identify the three FBI agents by their true names and substitute those individual persons as parties before the U.S. Marshal will be ordered to serve them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (finding that Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding that, in order to properly effect service under Rule 4 in an IFP case, the plaintiff was required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, No. 18-00249-DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). However, the Court will not dismiss these defendants at this time because where the identity of parties is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

### 6. Instructions for amendment

If Plaintiff chooses to file an amended complaint, he is advised all defendants must be identified by name in the caption of the pleading. In addition, he must allege facts showing how each named defendant is involved in the allegations.

Plaintiff is further advised that if he files an amended complaint, the original complaint (ECF No. 2-1) no longer serves any function in this case. As such, if he files an amended

complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Southern Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Matthew Beasley (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of Warden Christopher Chestnut at 2190 East Mesquite Avenue, Pahrump, NV 89060.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 2-1).

**IT IS FURTHER ORDRED** that, as to the Federal Torts Claims Act:
- that the Assault and Battery claim (as pled in Claim 2) will proceed against the United States of America.
- that the Abuse of Process claim (as pled in Claim 4) will proceed against the United States of America.
- that the False Imprisonment claim (as pled in Claim 5) will proceed against the United States of America.
- that the Intentional Infliction of Emotional Distress claim (as pled in Claim 6) will proceed against the United States of America.

- that the Negligence claim (as pled in Claim 7) will proceed against the United States of America.

**IT IS FURTHER RECOMMENDED** that, as to the Federal Torts Claims Act:

- that the Excessive Force claim under the Fourth Amendment (as pled in Claim 1) against the United States of America be dismissed with prejudice.
- that the Malicious Prosecution claim under the Fourth Amendment (as pled in Claim 3) against the United States of America be dismissed with prejudice.
- that the Cruel and Unusual Punishment claim under the Eighth Amendment (as pled in Claim 8) against the United States of America be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that the § 1983 claims (as pled in claims 1-8) be dismissed with prejudice.

**IT IS FURTHER ORDERED** that, as to the *Bivens* claims:

- that the Fourth Amendment Unreasonable Search and Seizure claim (as pled in claim 9) will proceed against the FBI Agents (once Plaintiff identifies them).
- that the Fourth Amendment Excessive Force claim (as pled in claim 10) will proceed against the FBI Agents (once Plaintiff identifies them).

**IT IS FURTHER RECOMMENDED** that, as to the *Bivens* claims:

- that the Fifth Amendment Procedural Due Process claim (as pled in claim 11) be dismissed with prejudice.
- that the Eighth Amendment Cruel and Unusual Punishment (as pled in claim 12) be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that the loss of consortium claim, brought on behalf of his minor children, be dismissed without leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to amend, he must do so by November 29, 2024. This deadline should provide Plaintiff sufficient time to identify the names of the FBI agents.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue a summons to the United States of America.

Because Plaintiff is suing the United States, he must serve Defendant in accordance with Rule 4(i). *See* Fed. R. Civ. P. 4(i)(1). Thus, **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) deliver two copies of the summons and (2) two copies of the complaint (ECF No. 2-1) to the U.S. Marshal for service; and (3) mail Plaintiff two blank copies of Form USM-285.

Once Plaintiff receives the USM-285 forms, Plaintiff must fill in last-known addresses for (a) the United States Attorney for the District of Nevada and (b) the Attorney General of the United States in Washington D.C. so that service can be effectuate pursuant to Fed. R. Civ. P. 4(i).

**IT IS FURTHER ORDERED** that Plaintiff shall have until September 20, 2024, to send the completed Form USM-285 back to the U.S. Marshal.

**IT IS FURTHER ORDERED** that upon receipt of the completed Form USM-285, the U.S. Marshal shall (a) deliver to the United States Attorney for the District of Nevada a copy of the summons and complaint and (b) send a copy of the summons and complaint by certified or registered mail to the Attorney General in Washington D.C.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 30, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE