## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Matthew Beasley, et al., | Case No. 2:24-cv-00368-APG-BNW |
| Plaintiffs, | |
| v. | **REVISED RECOMMENDATION REGARDING ECF No. 10 REGARDING LOSS OF CONSORTIUM CLAIM** |
| United States of America, et al., | |
| Defendants. | |

This Court previously entered a Screening Order and Report and Recommendation. ECF No. 10. As relevant here, this Court recommended that Mr. Beasley's claim for loss of consortium brought on behalf of his children be denied *without leave to amend*. This was due to the principle that plaintiffs who appear pro se may not pursue claims on behalf of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). The Court has reviewed Mr. Beasley's objection (ECF No. 13 at 2) and has reconsidered its prior ruling. LR 59-1. As a result, Mr. Beasley's objection will be deemed moot.

Mr. Beasley agrees with this Court that *non-attorneys* cannot represent others, including their children.[1] He explains that, since he is an attorney, in he does not fall in this category. Indeed, he has practiced for over 18 years in several courts and has undertaken a variety of legal matters. He was also candid with this Court by revealing his license might be temporarily suspended. But Mr. Beasley does not believe that the status of his license is relevant to determining whether he can represent his children while appearing pro se.

---

[1] There are some exceptions to this rule which are inapplicable here. *See Machadio v. Apfel*, 276 F.3d 103, 106–08 (2d Cir. 2002) (holding that parents may bring claims pro se on behalf of their children in an effort to secure social security benefits); *see also Winkelman v. Parma City Sch. Dist*., 550 U.S. 516, 535 (2007) (explicitly not reaching the issue whether parents may litigate claims on behalf of their children pro se under the Individuals with Disabilities Education Act (IDEA)).

This Court disagrees. Whether Mr. Beasley is licensed to practice law is directly relevant to whether he has been deemed capable of representing others regarding legal matters. For this reason, this Court will grant Mr. Beasley the opportunity to determine whether his license is currently suspended before it undertakes any further inquiry into whether a licensed attorney can represent his children when appearing pro se. As a result, the loss of consortium claim will remain dismissed *but with leave to amend*.

If Mr. Beasley chooses to file an amended complaint, he is advised all defendants must be identified by name in the caption of the pleading. In addition, he must allege facts showing how each named defendant is involved in the allegations.

Mr. Beasley is further advised that if he files an amended complaint, the original complaint (ECF No. 2-1) no longer serves any function in this case. As such, if he files an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**IT IS THEREFORE ORDERED** that this Court's prior Screening Order and Report and Recommendation (ECF No. 10) is **amended such that the loss of consortium claim will be dismissed with leave to amend.**

DATED: November 7, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE