# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Matthew Beasley, et al., | No. 2:24-cv-00368-APG-BNW |
| Plaintiffs, | |
| v. | **PROTECTIVE ORDER** |
| United States of America, et al. | |
| Defendants. | |

Defendant United States of America seeks entry of a Protective Order to facilitate discovery while protecting against public disclosure of sensitive law enforcement material, information subject to the Privacy Act, other confidential or sensitive personal information protected under State or Federal law, and inadvertently disclosed privileged information. There is good cause to protect the confidential and sensitive nature of this information, and it is necessary to order enhanced protection for the names, addresses, and group assignments of any current or former FBI Agent and SWAT member, which, if publicly disclosed, could compromise officer safety and impair ongoing or future law-enforcement operations.

Accordingly, IT IS ORDERED that:

1. Discovery in this case will involve the production of documents in the possession of the United States of America that are maintained in a government system of records. These records may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), or otherwise contain sensitive personal information, including personally identifiable information. Discovery will also involve the production of documents and information relating to sensitive law enforcement materials, investigative techniques, and

undercover agents.

2. The United States, its agencies, and employees, including its counsel, are authorized, under 5 U.S.C. § 522a(b)(11), to release in discovery information and documents that would otherwise be protected from disclosure under the Privacy Act.

3. For purposes of this Order, the term "Confidential Information" includes the following: (a) information produced by the United States, its agencies, or employees, which the United States has determined to be law enforcement sensitive or protected by the Privacy Act; and (b) other confidential or sensitive personal information protected under State or Federal law. Such information may only be used, disseminated, copied or disclosed as indicated in this Order.

4. The parties may designate documents, testimony, written responses and other materials produced in this case as subject to this Protective Order by marking each page as "Subject to Protective Order," if practical to do so. If it is not practical to do so, the designating party must otherwise inform the receiving party, in writing, that the information is subject to this Protective Order.

5. Documents and materials that identify the names and addresses of FBI Hostage Rescue Team and SWAT members, or the specific Hostage Rescue Team groups they are assigned to, necessitate a higher level of protection and may be designated "For Attorneys' Eyes Only." Documents and material designated "For Attorneys' Eyes Only" shall only be reviewed by counsel for Plaintiffs, or if Plaintiffs do not have counsel, by the lead Plaintiff.

6. Subject to the provisions of paragraph 11, which requires a motion to seal if any party seeks to file materials under seal, the parties' use of material designated "Subject to Protective Order" or "For Attorneys' Eyes Only" shall be restricted solely to their counsel (if Plaintiffs do not have counsel, to the lead Plaintiff) the Court, and court personnel, unless access is otherwise ordered by the Court or stipulated by the parties.

7. Except as provided herein, no person having access to Confidential Information, or the information contained therein, shall make any disclosure of

Confidential Information without further Order of the Court.

8. This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the parties through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party using the information to establish that such information or document was lawfully obtained through means or sources outside of this litigation.

9. Any documents, filings, briefs, or other materials containing materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," if filed publicly, shall contain redactions of the Confidential Information except for names of parties.

10. As a supplement to the public filing of any documents, briefs, or other materials that conceal (through the use of redactions) materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," a party may file under seal—subject to the conditions set forth in paragraph 11—materials containing the Confidential Information without concealment. Such sealed materials shall be submitted to the Court in compliance with Federal Rule of Civil Procedure 5.2 and District of Nevada Rule LR IC 6-1. Neither the parties nor any third party may use Confidential Information, or the information contained therein, in open Court, orally or through documents, without first obtaining the written consent of counsel of the disclosing party or an Order from the Court ruling that the Confidential Information is relevant and may be publicly disclosed.

11. Notwithstanding any other provision in this Protective Order, the parties understand that even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets with the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

12. ~~Any Hostage Rescue Team or SWAT member identified in documents disclosed to Plaintiffs' counsel shall be publicly identified through the use of a pseudonym, such as "Agent A," or "Agent B."~~

13. Access to any materials designated "Subject to Protective Order," including

all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless the parties stipulate to, or the Court authorizes, access by additional persons: (a) Plaintiffs; (b) attorneys of record for Plaintiffs in this action; (c) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the Plaintiffs to the extent reasonably necessary for the litigation of this action; (d) attorneys of record for United States government; (e) persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the United States to the extent reasonably necessary for the litigation of this action; (f) employees of federal agencies as deemed necessary by counsel for the United States government; (g) this Court, Court personnel, and any court reporters and stenographers engaged to record testimony and proceedings, and their employees; and (h) any court reporter or videographer reporting a deposition. Access to any materials designated "For Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to Plaintiffs' counsel (if Plaintiffs do not have counsel by the lead Plaintiff), the Court, and court personnel, unless access is otherwise ordered by the Court or stipulated by the parties.

14. Nothing in this Protective Order shall limit the parties' right to disclose their own Confidential Information. Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

15. Prior to being shown any materials designated "Subject to Protective Order," any person listed under subparagraphs 13(a)-(c) and (h) shall agree to be bound by the terms of this Protective Order by signing the "Acknowledgement of Protective Order" attached to this Protective Order as Exhibit A. Materials designated "For Attorneys' Eyes Only" may be disclosed to and discussed with a person identified in subparagraph 13(b) and (h) only after such person has executed a copy of Exhibit A, attached hereto. Each original signed "Acknowledgement of Protective Order" form executed by counsel of record for the receiving party shall be served on counsel for the disclosing party by e-mail

1  within three days after execution. All other original signed "Acknowledgement of
2  Protective Order" forms shall be retained by counsel (if Plaintiffs do not have counsel by
3  the lead Plaintiff) until the conclusion of this litigation, and those forms may only be
4  disclosed pursuant to Court order.

5        16.    Each person given access to material designated "Subject to Protective
6  Order" or "For Attorneys' Eyes Only" is advised that such material is being disclosed
7  subject to the terms of this Protective Order, may not be disclosed other than pursuant to
8  the terms thereof, and may be used only for purposes related to this action. Materials
9  designated "Subject to Protective Order" may be disclosed to and discussed with a person
10 identified in subparagraphs 13(a)-(c) and (h) only after such person has executed a copy of
11 Exhibit A, attached hereto. Materials designated "For Attorneys' Eyes Only" may be
12 disclosed to and discussed with a person identified in subparagraph 13(b) and (h) only after
13 such person has executed a copy of Exhibit A, attached hereto.

14       17.    Whenever materials designated "Subject to Protective Order" or "For
15 Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, the parties may
16 exclude from the room any person—other than persons designated in paragraph 13 who
17 have complied, if applicable, with the terms of paragraph 15—for that portion of the
18 deposition. A party's right to use materials designated "Subject to Protective Order" or
19 "For Attorneys' Eyes Only" at a hearing or other court proceeding in this action shall be
20 determined by the presiding judge. The Court may also require the redaction of personal
21 identifiers of materials designated "Subject to Protective Order" or "For Attorneys' Eyes
22 Only" before use at a hearing or other Court proceeding in this action. The designation of
23 materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only" shall not
24 affect the Court's determination as to whether the material shall be received into evidence;
25 nor shall such designation constitute the authentication of such material or a waiver of any
26 right to challenge the relevance, confidentiality, or admissibility of such material. This
27 Protective Order shall not govern the admission of evidence at trial in open court. Should
28 a party believe that documents, materials, or information designated as "Subject to

Protective Order" or "For Attorneys' Eyes Only" should not be used in open court during trial, that party will have the burden to seek such protections from the court prior to trial.

18. Within 30 days after receipt of the final transcript of the deposition of any party or witness in this case, the parties may designate "Subject to Protective Order" or "For Attorneys' Eyes Only" any portion of the transcript that the parties view as disclosing Confidential Information. If a transcript (or excerpt of a transcript) containing any such material is filed with the Court, it shall be filed under seal and marked as "Confidential—Subject to Protective Order." As explained in paragraph 11, the parties understand that they must first file a motion to seal the transcript and obtain Court approval that the sealing meets with the Ninth Circuit standards for sealing. Unless otherwise agreed, all deposition transcripts shall be treated as subject to this Protective Order until the expiration of the 30-day period.

19. At the deposition of any witness, the parties may designate "Subject to Protective Order" or "For Attorneys' Eyes Only" any confidential testimony, exhibit, or other information provided or disclosed at the deposition of any witness, and that testimony, exhibit, or other information is subject to the provisions of this Protective Order, unless the Court orders otherwise or the parties stipulate otherwise.

20. Should this matter proceed to trial, the parties shall confer concerning measures which should be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present admissible evidence necessary for a proper resolution of this case and in accordance with paragraph 17.

21. The parties reserve the right to dispute the confidential status of information in accordance with this Protective Order. If the parties believe that any materials have been inappropriately designated "Subject to Protective Order" or "For Attorneys' Eyes Only," counsel for the parties shall confer in good faith in an attempt to resolve the matter. As part of that conferral, the parties must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter, the matter may be challenged by motion. The parties must abide by the confidential designation until the

matter is resolved by agreement of the parties or by the Court.

22. The inadvertent failure to label a document, testimony, or other material as "Subject to Protective Order" or "For Attorneys' Eyes Only" prior to disclosure shall not waive or forfeit the right to later designate the document, testimony, or other material as Confidential Information. The parties, their counsel, and any others bound by the Protective Order shall not disclose such documents, testimony, or other material if the person knows or reasonably should know that a claim of confidentiality would be made. Promptly after receiving notice of a claim of confidentiality, the receiving parties, their counsel, or others bound by the Protective Order shall inform the designating party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

23. Labeling of information or documents as "Subject to Protective Order" or "For Attorneys' Eyes Only," or the failure to do so, will not constitute an admission regarding the confidentiality of information or documents. The receiving parties may not introduce into evidence in any proceeding between the parties, other than in a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the disclosing party labeled or failed to label information or documents "Subject to Protective Order" or "For Attorneys' Eyes Only," or otherwise designate them as Confidential Information.

24. Upon the request of the disclosing party at any time, or within 60 days after either: (1) the entry of a final judgment or expiration of the time to appeal from a final judgment, whichever is later; or (2) the execution of any agreement between the parties to compromise or settle this case, the receiving parties and any person authorized by this Protective Order to receive materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," shall return to the disclosing party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "CONFIDENTIAL" to counsel for the disclosing party. If the disclosing

party requests that such information be destroyed rather than returned, the receiving parties and any person authorized by this Protective Order to receive Confidential Information must certify in writing that all materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," including all information and all copies (as defined by Fed. R. Evid. 1001(c)), summaries, extracts and notes therefrom, have been destroyed.

25. This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

26. This Protective Order does not constitute a waiver of the parties' right to assert any privilege or protection—including but not limited to the attorney-client privilege, attorney work product, or law enforcement privilege—as to any materials disclosed pursuant to this Protective Order or otherwise. Furthermore, inadvertent disclosure by Plaintiffs or the United States, its agencies, or its employees of any document or other material containing attorney-client communications, attorney work product, or other privileged information shall not constitute a waiver of the privilege for either that document or other material, or for the subject matter of that document or other material. Except in the event that the requesting party disputes the claim of privilege, any documents the disclosing party deems to have been inadvertently disclosed and to be subject to a privilege shall, within five business days of notification, be returned to the producing party, or destroyed, at that party's option. If the privilege claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

27. Nothing in this Protective Order shall preclude the parties from seeking amendments to expand or restrict the rights of access to or use of materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," or other modifications, subject to order by the Court.

28. The restrictions on disclosure and use of materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only," shall survive the conclusion of this action, and this Court shall retain jurisdiction to enforce the terms of this Protective Order.

29. Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule, or the inherent power of the Court.

**IT IS SO ORDERED**

**DATED:** 4:49 pm, January 15, 2025

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**