PAMELA BONDI
United States Attorney General
BROCK HEATHCOTE
Assistant U.S. Attorney
Arizona State Bar No.014466
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
Email: Brock.Heathcotte@usdoj.gov
*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Matthew Beasley, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>United States of America, et al.<br>　　　　　Defendants. | No. 2:24-cv-00368-APG-BNW<br><br>ORDER GRANTING<br>**UNITED STATES OF AMERICA'S MOTION TO STAY ALL PROCEEDINGS PENDING RULING IN CRIMINAL CASE** |

　　　　Defendant United States of America asks the Court to stay all proceedings in this case, including the deadline for defendants to file a responsive pleading to the amended complaint, pending a decision on two motions in another action before the District of Nevada concerning the same events and the same issues involved in this litigation.

　　　　A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); see also *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The inherent power to stay includes granting an order to stay "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Where a stay is considered pending the resolution of another action, the court need not find

1  that two cases possess identical issues; a finding that the issues are substantially similar is
2  sufficient to support a stay. *See Landis*, 299 U.S. at 254. The issues involved in the
3  pending proceedings need not be "controlling of the action before the court" for a stay to
4  be ordered. *Leyva*, 593 F.2d at 864.

5  The parties to this action are also litigating a criminal case against Plaintiff Beasley,
6  *United States of America v. Matthew Wade Beasley*, 2:23-cr-00066-JAD-DJA ("the
7  criminal case"). Beasley filed two motions to suppress evidence in the criminal case on
8  December 30, 2024. The first motion, doc. 54, claims evidence should be suppressed
9  pursuant to the fifth amendment. Exhibit 1. The second motion, doc. 57, claims evidence
10 should be suppressed pursuant to the fourth amendment. Exhibit 3. The United States filed
11 its responses to those motions on February 28, 2025. Exhibits 2 and 4. On March 7, 2025,
12 the court granted a stipulation to extend the deadline for Beasley to file his replies to the
13 motions to April 7, 2025. Exhibit 5.

14 In both criminal case motions to suppress, Beasley alleges that his constitutional
15 rights were violated when United States agents entered his courtyard and knocked on his
16 front door. The United States responds alleging the agents had an implied license to do so.
17 In this civil case, Plaintiff Beasley alleges fourth amendment violations by defendant's
18 agents for the exact same events, and for the same reasons stated in his motions to suppress
19 in the criminal case. See Doc. 32, Amended Complaint at 12. Furthermore, Plaintiff's
20 allegations of lack of probable cause in the amended complaint go to the same issues as
21 those raised in the motions to suppress in the criminal case.

22 Defendant United States' responsive pleading to Beasley's amended complaint
23 (Doc. 32) is currently due on March 31, 2025. The individual defendants do not appear
24 from the Court docket to have been served yet with the amended complaint but service
25 could be effected at any time.

26 For these reasons, Defendant United States of America asks the Court to order a
27 stay of all proceedings pending resolution of the motions to suppress filed in the criminal
28 case.

Defendant United States will file a status report notifying the Court within 14 days of a decision on the motions in the criminal case described herein.

Respectfully submitted on March 26, 2025.

PAMELA BONDI
United States Attorney General

*s/ Brock Heathcotte*
BROCK HEATHCOTTE
Special Assistant United States Attorneys, Acting Under Authority Conferred by 28 U.S.C. § 515
*Attorneys for Defendant United States*

IT IS SO ORDERED:

Dated: April 1, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE